Mygatt, Appellant, vs. Burton and others, Respondents.

*September 4 — September 24, 1889.*

*Garnishment: Examination of defendant: When cause at issue.*

The principal defendant, being a party to a garnishee action, is subject to examination therein under sec. 4096, R. S.; and, though he has not answered, such action is at issue as to him when issue is taken on the answer of the garnishee.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff, *H. M. Mygatt*, recovered judgment in the circuit court against the defendant, *John E. Burton*, May 10, 1888. While the action was pending the plaintiff caused the respondents, *Charles S. French* and *Lucretia D. Burton*, to be summoned as garnishees. The affidavit and summons in the garnishee action was duly served on the defendant, *Burton.* In May following, the garnishees answered sepa-

rately, each denying liability as such. The defendant, *Burton*, did not answer.

April 19, 1889, the plaintiff served notice upon *Mr. Burton* that his examination would be had and his deposition taken before a court commissioner on May 1st following, also a subpœna to appear for that purpose, and paid him the lawful fees. *Mr. Burton* appeared at the time and place appointed, and objected to any proceedings under such notice " on the ground that no issue had been joined in this action by or on behalf of the defendant, *John E. Burton*, nor has he appeared therein; and on the further ground that no affidavit was served with the notice of examination, as required by ch. 321, Laws of 1885. Counsel for plaintiff insists that this examination being in the garnishee action, and issue having been joined in that action by the garnishee defendants, the provisions of said ch. 321, Laws of 1885, do not apply, and that plaintiff is entitled to the examination." The commissioner sustained the objection. On proper proceedings the circuit court, by its order, affirmed the ruling of the commissioner, and denied the motion of plaintiff that said *Burton* be required to appear before the commissioner, submit to an examination, and give his deposition. The plaintiff appeals from such order.

*Glenway Maxon*, for the appellant.

For the respondents there was a brief by *Quarles, Spence & Quarles*, and oral argument by *T. W. Spence*.

LYON, J. In the garnishee action the plaintiff seeks to examine his judgment debtor, the defendant *John E. Burton*, otherwise than as a witness on the trial of that action, and to procure his deposition pursuant to sec. 4096, R. S., as amended by ch. 194, Laws of 1882; ch. 321, Laws of 1885; and ch. 348, Laws of 1889.[1]

---

[1] Sec. 4096, R. S., as amended, provides that "the examination of a party . . . otherwise than as a witness on a trial, may be taken by

The procedure adopted is that prescribed by the statute to obtain such examination and deposition after issue joined. If none has been joined within the meaning of the statute, the procedure is defective; for the affidavit which in such a case the statute requires to be served with the notice of examination was not served.

The question raised by this appeal is, Does the statute provide for the examination and deposition, in a garnishee action, of the judgment debtor, who has not answered in such action, but which is at issue on the answers of the garnishees therein?

The garnishee proceeding is an action, and the judgment debtor is a party defendant thereto, subject to examination as such. Sec. 2766, R. S., provides that " the proceeding against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant as parties defendant, and all the provisions of law relating to proceedings in civil actions at issue, including examination of the parties, . . . shall be applicable thereto." The examination of the parties therein specified doubtless means that prescribed in sec. 4096. The latter section, authorizing such examination, contains no exception in favor of any party. Hence in a proper case the judgment debtor is subject to such examination in a garnishee action, because he is a party thereto.

But the regularity of the procedure in this case depends upon the question whether the cause was at issue when the examination and deposition of *Mr. Burton* were required. It was at issue as to the garnishees, and the statute provides that the judgment debtor " may participate in the trial of any issue between the plaintiff and garnishee for the pro-

---

deposition at the instance of the adverse party, in any action or proceeding, at any time after the commencement thereof and before judgment. . . . If such examination shall be taken before issue joined, the notice of taking the same shall be accompanied by an affidavit . . . stating the general nature and object of the action," etc.— REP.

tection of his interests." Sec. 2765. Thus the answers of the garnishees in the present case inure to the benefit of *Mr. Burton;* and on the trial of the issues taken thereon he has all the rights that he would have if he also had answered denying the liability of the garnishees. Hence, after the garnishee answers denying liability as such, it is quite superfluous for the judgment debtor to answer the same thing, and nothing in his favor or against him can be predicated upon his failure to do so. The action is substantially at issue as to him when issue is taken on the answer of the garnishee alone.

We conclude, therefore, that when the notice of examination was served on *Mr. Burton* the garnishee action was at issue as to him, within the meaning and intention of sec. 4096 as amended, as well as to the garnishees, and that the procedure herein is regular. He should have been held to an examination and required to give his deposition; and the commissioner and the circuit court erred in relieving him therefrom.

*By the Court.*— The order of the circuit court is reversed, and the matter remanded for further proceedings according to law.